FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JUN 12 AM 8:26
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DONNIE L. WRIGHT, JR., | ) |
| Petitioner, | ) |
| v. | ) CV 112-068 |
| STANLEY WILLIAMS, Warden, and SAMUEL S. OLENS, Attorney General for the State of Georgia, | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.

I. **BACKGROUND**

In the instant § 2254 petition, Petitioner attempts to challenge his convictions for armed robbery, kidnapping, and possession of a firearm during the commission of a crime, all of which he pled guilty to in the Superior Court of Columbia County, Georgia, in October

of 1998. (Doc. no. 1, pp. 3-4.) The trial court sentenced Petitioner to a 35-year term of imprisonment, and Petitioner did not file a direct appeal. (Id. at 4.)

On January 8, 2004, Petitioner filed a state habeas corpus petition in the Superior Court of Tattnall County, alleging that he had received ineffective assistance of counsel and that his guilty pleas had not been voluntarily entered.[1] (Id. at 4-5, 12-14.) Petitioner states that the state habeas court held an evidentiary hearing but has not yet adjudicated his state petition. (Id.)

Petitioner then proceeded to file his first § 2254 petition, which was dated July 4, 2006, and filed by the Clerk of Court on August 21, 2006. CV 106-121, doc. no. 1. Therein, Petitioner attempted to collaterally attack the same convictions at issue here, claiming that he received ineffective assistance of trial counsel and that the indictment pursuant to which he was charged was deficient. See id. at 6, 8-9. On October 3, 2006, this Court conducted an initial review of the petition, finding that it was time-barred under the applicable statute of limitations and recommending that it be dismissed.[2] Id., doc. no. 2. The Honorable Dudley H. Bowen, Jr., United States District Judge, adopted this Court's recommendation

---

[1] In a previous § 2254 petition filed in this Court, which is discussed subsequently in greater detail, Petitioner indicated that he originally filed his state habeas petition on December 20, 2002, in the Superior Court of Ware County, Georgia, and that the petition was transferred to the Superior Court of Tattnall County on May 28, 2004. See Wright v. Terry, CV 106-121, doc. no. 1, Attach. 2, pp. 1, 11 (S.D. Ga. Oct. 3, 2006) (hereinafter "CV 106-121"). For the purposes of the instant petition, it makes no difference whether Petitioner initially filed his state habeas petition in 2004 in Tattnall County, as he now reports, or in 2002 in Ware County, as he previously reported.

[2] While the Court recognized in a footnote that Petitioner's first § 2254 petition was also subject to dismissal for failure to exhaust state court remedies, it explicitly set forth the petition's untimeliness as the basis for recommending its dismissal. CV 106-121, doc. no. 2, p. 4 & n.3.

as the opinion of the District Court and dismissed that case. Id., doc. no. 5. Petitioner attempted to appeal the dismissal of his first § 2254 petition, but the appeal was dismissed for want of prosecution. Id., doc. no. 5. Petitioner subsequently applied for leave to file a second § 2254 petition with the Eleventh Circuit Court of Appeals, which denied his application in an Order issued on May 27, 2010.[3] Id., doc. no. 16.

Petitioner next filed the instant § 2254 petition, which is now before the Court for initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[4] In his current petition, Petitioner again argues that he received ineffective assistance of trial counsel and that his guilty pleas were involuntarily entered. (Doc. no. 1, pp. 7, 10-15.) He also argues that there has been an inordinate delay in the adjudication of his state habeas petition. (Id.)

---

[3]In his application for permission to file a second § 2254 petition, Petitioner indicated that he wished to file several claims, including claims that he was arrested without probable cause, that the state trial court lacked personal jurisdiction, that the indictment was obtained using improper evidence, and that he received ineffective assistance of trial counsel. The Eleventh Circuit found that Petitioner failed to satisfy the requirements set forth in 28 U.S.C. § 2244(b)(2) with respect to any of his claims, meaning that he was not entitled to authorization to file a second § 2254 petition. See CV 106-121, doc. no. 16.

[4]In pertinent part, this Rule states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

## II. DISCUSSION

### A. Judicial Notice of the Court's Documents

This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). As described above, within this Court's records is Petitioner's previous petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, this Court's Report and Recommendation ("R&R") addressing Petitioner's previous petition, and Judge Bowen's Order adopting that R&R as the opinion of the Court. CV 106-121, doc. nos. 1, 2, 5. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application the second such petition he has filed in this Court.

### B. Second Application for a Writ of Habeas Corpus

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, states, "Before a second or successive[5] [habeas corpus] application permitted by this section is filed in the

---

[5]With limited exceptions that do not apply to this case, a petition for habeas corpus is considered "second or successive" when the petitioner's first petition has already been dismissed on the merits; the second petition is considered "second or successive" even if it is comprised of previously unexhausted claims. Burton v. Stewart, 594 U.S. 147, 153-54 (2007) (*per curiam*). In this regard, dismissal of a habeas corpus petition on statute of limitations grounds constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)'s second or successive petition requirements. See, e.g., Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions . . . ."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (*per*

4

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[6] Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application...." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). As noted above, when Petitioner applied for such authorization, the Eleventh

---

*curiam*) ("We hold today that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency...."). Petitioner's first § 2254 petition was dismissed as time-barred. CV 106-121, doc. nos. 2, 5. As such, Petitioner's previous federal petition for a writ of habeas corpus was denied on the merits.

[6]Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Circuit denied his application. CV 106-121, doc. no. 16. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See In re Medina, 109 F.3d at 1564 (affirming district court's dismissal of second § 2254 petition where petitioner had not received permission from the court of appeals to file such petition).

In determining that it is without authorization to adjudicate the instant petition, the Court is aware that Petitioner now argues that there has been an inordinate delay in the adjudication of his state habeas petition. (See doc. no. 1, pp. 7, 12-15.) While the Court by no means condones the purportedly lengthy pendency of the state habeas proceedings, inordinate delay in the adjudication of a state habeas petition does not provide the requisite authorization for this Court to consider Petitioner's second § 2254 petition.[7] See Charles v. Reed, Civil Action No. 2:10-1801, 2010 U.S. Dist. LEXIS 90274, at *8-9 (D.S.C. July 28, 2010) (concluding that district court lacked authorization to consider successive § 2254 petition even if there had been an inordinate delay in state habeas proceedings), *adopted as opinion of district court*, 2010 U.S. Dist. LEXIS 90270 (D.S.C. Aug. 26, 2010).

In sum, Petitioner previously filed a § 2254 petition that was dismissed on the merits, and he has not received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus. As a result, this Court lacks authority to address Petitioner's application.

---

[7]Such delay may, of course, provide a basis for excusing a petitioner's failure to exhaust state remedies before filing a federal habeas petition. Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (*per curiam*). However, the non-jurisdictional exhaustion requirement is entirely distinct from the prohibition on second or successive § 2254 petitions.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that the instant § 2254 be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of June, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE