IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DONNIE L. WRIGHT, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 112-068 |
| ) | |
| STANLEY WILLIAMS, Warden, and ) | |
| SAMUEL S. OLENS, Attorney General for ) | |
| the State of Georgia, ) | |
| ) | |
| Respondents. ) | |

---

## ORDER

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which no objections have been filed. Accordingly,

the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of

the Court. Therefore, the instant petition filed pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

Furthermore, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a

certificate of appealability ("COA") before appealing the denial of his application for a writ

of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254

Proceedings. This Court should grant a COA only if the prisoner makes a "substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set

forth in the Report and Recommendation, and in consideration of the standards enunciated

in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. <u>See</u> 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this 11th day of July, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.